UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-102-JJF |
| | : | |
| DWAYNE SKINNER, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT SKINNER'S MOTION FOR DISCLOSURE
OF INFORMANT IDENTITY AND EXCULPATORY EVIDENCE**

AND NOW comes the defendant, Dwayne Skinner, by his attorney Luis A. Ortiz of the Federal Public Defender's Office, and pursuant to the Due Process Clause of the Fifth Amendment, files this Motion for Disclosure of Informant Identity and Exculpatory Evidence.

1.   Count One of the indictment charges possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2.   Count Two charges possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

3.   Count Three charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

4.   The indictment alleges that these offenses were committed on or about June 12, 2008.

5. On June 12, 2008, defendant was one of several individuals sitting in a parked vehicle near the defendant's home in the City of Wilmington.

6. Defendant was searched by the Wilmington Police, and was found to be in possession of 2.2 grams of cocaine base.

7. Defendant was also found in proximity to the handgun identified in the indictment.

8. In a statement to police, the defendant admitted that he possessed the cocaine base for purposes of sale.

9. Defendant further admitted that he had handled the firearm on a previous occasion, when he had attempted to deliver the firearm to a third person.

10. Defendant did not admit that he possessed the handgun for the purposes of facilitating a drug trafficking crime.

11. Contemporaneous with defendant's arrest, Wilmington Police conducted a search of defendant's home.

12. The search was conducted pursuant to a search warrant.

13. In the affidavit applying for the search warrant, local police cited information received from a confidential informant.

14. The confidential informant had reported that defendant sold crack cocaine from inside and outside of his residence, and that he hid the crack cocaine in various locations near his home.

15. There is no indication, from the text of the search warrant affidavit, that the confidential informant reported seeing the defendant use, possess, or brandish a firearm during the course of his drug trafficking crimes.

16.     It is defendant's theory of defense that there is reasonable doubt as to whether Mr. Skinner possessed the handgun for the purpose of facilitating a drug trafficking crime.

17.     It is relevant to this defense to show that defendant had been seen by the confidential informant engaged in drug trafficking crimes, but had not been seen using, possessing, or brandishing firearms.

18.     The search warrant affidavit reflects that defendant's course of conduct as a drug dealer was known to the confidential informant.

19.     If the confidential informant was familiar with defendant's drug dealing, and if the informant observed that the drug dealing was conducted without the apparent use, possession, or brandishing of firearms, such testimony would be both relevant and helpful to the defense.

### A. MOTION FOR DISCLOSURE OF INFORMANT IDENTITY

20.     The Supreme Court has recognized the government's interest in protecting the identity of confidential informants, but has also recognized that the government's interest must give way "where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 628 (1957).

21.     Because there is "no fixed rule with respect to [when] disclosure is justifiable," trial courts are left with the job of "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Id., 353 U.S. at 62, 77 S.Ct. at 628.

22.     Where the confidential informant may have information which is relevant and helpful to the defense, the district court is authorized to conduct an *in camera* examination of the confidential informant. United States v. Jackson, 384 F.2d 825, 827 (3d Cir. 1967).

23.  The *in camera* examination should be conducted without the presence of the prosecutor or defense counsel.  United States v. Savage, 969 F.Supp. 450 (E.D. Mich. 1997).

24.  If the information known to the informant is deemed by the Court to be relevant and helpful to the defense, the informant's identity and address should be disclosed to defense counsel, so as to facilitate a possible interview and the service of a trial subpoena.

### B. MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE

25.  Pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), defendant has the right to disclosure of exculpatory evidence.

26.  The District Court has the authority to conduct an *in camera* inspection of documents which may contain Brady information.

27.  An *in camera* inspection should be conducted if the defendant makes "at least some plausible showing" that the documents contain information that is "both material and favorable to his defense." Pennsylvania v. Ritchie, 480 U.S. 39, 58 n.15, 107 S.Ct. 989, 1002 n.15 (1987).

28.  If the informant provided police with descriptions of defendant's drug dealing activities, and if the informant observed that the drug dealing was conducted without the apparent use, possession, or brandishing of firearms, then the informant's observations are supportive of defendant's theory of defense, and those observations should be disclosed under Brady.

29.  Defendant seeks disclosure of all notes, reports and memoranda, prepared by law enforcement officers, reflecting the informant's descriptions of defendant's unlawful conduct.

30.  Defendant also seeks disclosure of all notes, reports and memoranda, composed by the confidential informant and submitted to law enforcement, reflecting the informant's description of defendant's unlawful conduct.

31.     Defendant requests that the Court examine these documents *in camera*, to determine whether the documents should be disclosed to the defense under Brady.

WHEREFORE, it is respectfully requested that defendant's Motion for Disclosure of Informant Identity and Exculpatory Evidence be GRANTED, and that the Court order as follows:

    a.    that the confidential informant be produced for *in camera* questioning by the District Court;

    b.    that the government produce for *in camera* inspection all notes, reports and memoranda, prepared by law enforcement, reflecting the confidential informant's observations of illegal activity by the defendant; and

    c.    that the government produce, for *in camera* inspection, all notes, reports and memoranda, prepared by the informant and submitted to law enforcement, reflecting the informant's observations of illegal activity by the defendant.

Respectfully submitted,

 /s/ Luis A. Ortiz
LUIS A. ORTIZ, ESQUIRE
Assistant Federal Public Defender
One Customs House, Suite 110
704 King Street
Wilmington, DE  19801
302-573-6010
ecf_de@msn.com
Attorney for Defendant Dwayne Skinner

DATED: July 31, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-102-JJF |
| | : | |
| DWAYNE SKINNER, | : | |
| | : | |
| Defendant. | : | |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant Skinner's Motion for Disclosure of Informant Identity and Exculpatory Evidence, it is hereby ordered as follows:

    a.    that the confidential informant shall be produced for *in camera* questioning by the District Court at the following date and time: _____;

    b.    that the government shall, on the same date, produce for *in camera* inspection all notes, reports and memoranda, prepared by law enforcement, reflecting the confidential informant's observations of illegal activity by the defendant; and

    c.    that the government shall, on the same date, produce for *in camera* inspection all notes, reports and memoranda, prepared by the informant and submitted to law enforcement, reflecting the informant's observations of illegal activity by the defendant.

BY THE COURT:

_____
Honorable Joseph J. Farnan, Jr.
United States District Court